UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LARRY BOND GOLSON,

    Plaintiff,

v.	Case No. 3:19cv3175-RV-HTC

R.A. MITCHELL,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Response (ECF Doc. 14) to the Court's February 7, 2020 Order (ECF Doc. 13), which gave Plaintiff a final opportunity to properly serve Defendant. Based on Plaintiff's response, it is clear that Plaintiff has not effected service on Defendant. Moreover, it is clear that Plaintiff has made no efforts to comply with Federal Rule of Civil Procedure ("FRCP") 4 since the Court's last Order, and instead continues to misrepresent his status as well as that of the Defendant. Because Plaintiff has been given four (4) opportunities and over six (6) months to comply with FRCP 4, the undersigned respectfully recommends that Plaintiff's claims against Defendant be DISMISSED.

**I.    BACKGROUND**

Plaintiff initiated this action more than six (6) months ago by filing a complaint alleging Defendant R.A. Mitchell, with the assistance of the IRS, stole

$213,900 from his bank account. ECF Doc. 1. Plaintiff filed this action without counsel, but nonetheless disputes that he is *pro se*, contending that he is not proceeding *pro se* because "Plaintiff is an officially recognized legal name/business entity and the CEO is the nameholder of such." ECF Doc. 9 at 2. Also, despite filing this suit based on an IRS garnishment *and* attempting to serve Defendant R.A. Mitchell at the IRS's office in Baltimore, Maryland, Plaintiff claims ignorance as to whether Mitchell is an IRS agent.

On August 23, 2019, the Court ordered Plaintiff to serve the complaint on Defendant "in the manner prescribed by Rule 4 of the Federal Rules of Civil Procedure" and warned him "that he must effect service within ninety (90) days of the date he filed the complaint, or this case may be dismissed." ECF Doc. 4.

On November 4, 2019, Plaintiff filed a Request for Default Judgment (ECF Doc. 6), seeking "immediate monetary relief," "the full recovery of the property owned by . . . Larry Bond Golson," and "[t]reble damages." In support of his motion, Plaintiff stated, "Defendant was served with the Complaint Summons by certified mail" and Defendant "failed to answer, demurrer or in any fashion respond to Plaintiff's complaint and is thereby in default." ECF Doc. 6 at 1.

On November 7, 2019, the Court entered an order denying Plaintiff's motion for three (3) reasons: (1) Plaintiff had not first sought an entry of default from the clerk; (2) an entry of default was improper because Plaintiff had not properly served

Defendant under FRCP 4; and (3) even if an entry of default was proper, Plaintiff was not entitled to a default judgment from the clerk because his claim for relief was not for a sum certain. ECF Doc. 7 at 2. The Court, thus, again ordered Plaintiff to properly serve the Defendant and gave him an additional thirty (30) days to do so. *Id.* at 5.

On December 9, 2019, Plaintiff filed a motion entitled, "Response to Default Judgment Ruling" (ECF Doc. 9), and, on December 26, 2019, he filed a motion entitled "Request for Default Judgment" (ECF Doc. 10). In both motions, Plaintiff sought an entry of default against Defendant for failure to respond to his complaint. The Court denied both motions on January 2, 2020 because Plaintiff had again failed to properly serve Defendant (as explained further below). ECF Doc. 11. Nonetheless, the Court gave Plaintiff a third opportunity to properly serve Defendant. *Id.* at 6.

On January 23, 2020, Plaintiff filed a "Notice of Service Status." ECF Doc. 12. In his notice, Plaintiff alleged he attempted to serve Defendant multiple times both by certified mail and a process server. Plaintiff alleged Defendant was purposely "avoiding service" and had "failed to answer, demurrer or in any fashion respond to Plaintiff's complaint." *Id.* at 2. Therefore, Plaintiff requested "additional time" to serve Defendant and "feedback on additional methods of service that might

be sought." *Id.* On February 7, 2020, the Court issued an order that detailed why Plaintiff's service attempts had not complied with FRCP 4. ECF Doc. 13.

Additionally, the Court gave Plaintiff a "**final opportunity**" to serve Defendant and warned him that failure to serve the Defendant within the twenty-one (21) days provided would "result in a recommendation that his complaint be dismissed." *Id.* at 10. The Court also ordered Plaintiff to clarify whether he was proceeding as an individual or as an entity and warned him that an "entity" could not proceed without counsel. *See* ECF Doc. 13; *see also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (finding that an artificial entity cannot appear *pro se* and must be represented by counsel).

On February 27, 2020, Plaintiff filed a response to the Court's February 7 Order. ECF Doc. 14. Despite the Court's explicit instructions, Plaintiff's response fails to demonstrate that he has properly served Defendant.

## II. DISCUSSION

In Plaintiff's response, he reiterates that he has made "multiple attempts to contact Defendant in multiple locations" and that he has "attempted service through regular mail, certified mail restricted delivery and through a national process server." *Id.* at 3. Plaintiff claims "[n]one of the papers have been returned from the Baltimore location and the United States Postal Service and process server have attested to their delivery at that location." *Id.* Furthermore, "a restricted delivery was signed for by

one Kuyi Wooly" and "it would appear the signee is the defendant possibly using the actual name, a pseudonym or such." *Id.* Plaintiff states that he does not know whether the Defendant is an employee of the United States and his requests "for such proof . . . have been met with silence." *Id.*

For the reasons set forth below, the Court finds this response to be unacceptable.

### A. Service

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). The Federal Rules mandate that "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). "If a defendant is not served within 90 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Under FRCP 4(e), an individual may be served by: "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of

the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

Despite being given four (4) opportunities and more than six (6) months to do so, Plaintiff has not demonstrated to the Court that he has properly served the Defendant in the manner prescribed by FRCP 4. Instead, in his latest response, Plaintiff merely (1) rehashes his prior service attempts; (2) states that "[n]one of the papers have been returned from the Baltimore location and the United States Postal Service and process server have attested to their delivery at that location"; and (3) accuses the Defendant of "possibly using the actual name, a pseudonym or such."[1] *Id.* at 3. Plaintiff misses the point. As fully discussed in the Court's February 7, 2020 Order, each of Plaintiff's prior service attempts were improper under the Federal Rules. ECF Doc. 13. Moreover, Plaintiff's response is disingenuous.

    1.    <u>Service in Tennessee</u>

Plaintiff's first attempt to serve R.A. Mitchell was at an address in Tennessee. Such service was insufficient because the complaint was not accompanied by a

---

[1] The summons and complaint sent via certified mail to the IRS's Baltimore office was signed by a Kuyi Wooly.

Case No. 3:19cv3175-RV-HTC

summons as required by FRCP 4(c)(1). Indeed, the clerk did even not issue a summons for Defendant until four (4) days after the complaint was filed. *See* ECF Doc. 5. Moreover, while the Tennessee Rules of Civil Procedure permit service of process by certified mail, Plaintiff did not provide the Court with a "return receipt showing personal acceptance by the defendant" or another person allowed by the rules. Tenn. R. Civ. P. 4.04(10). Plaintiff also has not shown that the Tennessee address is a proper service address for the Defendant.

2. Service in Maryland

Plaintiff then tried to serve Defendant at an address in Baltimore, Maryland. Plaintiff provided the Court a return receipt indicating the United States Postal Service ("USPS") delivered what the Court presumes is a copy of the summons and complaint to an individual in Baltimore, Maryland, on September 30, 2019. *See* ECF Doc. 6 at 3. Plaintiff also provided a USPS "Certified Mail Electronic Delivery Confirmation" indicating that the September 30 delivery was specifically addressed to "IRS, R.A. Mitchell, 31 Hopkins Plaza, Baltimore, MD 21201." ECF Doc. 9 at 4.

This service was improper under the Federal Rules and Maryland's rules because the return receipt was not made under affidavit. Instead, Plaintiff's return

receipt indicates only that Kuyi Wooley,[2] an individual other than Defendant, signed for delivery at "BALTIMORE, MD 21201." ECF Doc. 6 at 3. No specific address is provided. Plaintiff later filed a "confirmation" showing that delivery was made "to an individual" at "IRS, R.A. Mitchell, 31 Hopkins Plaza, Baltimore, MD 21201." ECF Doc. 9 at 4. These documents alone are insufficient proof of service on R.A. Mitchell. *See Brown v. American Institutes for Research*, 487 F.Supp.2d 613, 617 (D. Md. 2007) (finding plaintiff's certified mail service returns deficient because they were not made under affidavit).

Moreover, the Court has repeatedly directed Plaintiff that, if Defendant is an employee of the IRS, Plaintiff must comply with the service requirements under Fed. R. Civ. P. 4(i), for service on the United States. Yet, Plaintiff continues to profess ignorance regarding whether Defendant is an employee of the IRS. He does this even though he addressed the certified mail to the IRS and the Baltimore address he used is an IRS location. Additionally, an internet search of R.A. Mitchell shows that Mitchell has been sued before for alleged misconduct by the IRS in the collection of

---

[2] In his response, Plaintiff seeks a subpoena to Wooly and argues such subpoena would (1) illuminate whether the signer is indeed the Defendant; (2) show whether Defendant received the service documents; and/or (3) allow the signer to "be held accountable for tampering with the mail and the postal employee/postal service [to be] added as defendants for fraudulent representation and breach of contract." ECF Doc. 14. This request will be DENIED. First, service on Defendant at the IRS's Baltimore office was improper. Second, Plaintiff has provided nothing more than barebones allegations that there has been any impropriety by the Defendant or anyone else. Plaintiff also seeks to have this Court serve Defendant on his behalf. Under Rule 4(m), Plaintiff is responsible for serving the Defendant and, thus, this request will also be DENIED.

taxes. *See, e.g., Pollinger v. United States of America*, Civil Action No.: 06-1885 (D.C. Cir. Mar. 25, 2008) (dismissing claims against Mitchell); *Gengler v. Internal Rev. Svc.*, Civil Action No.: 10-cv-689 (December 29, 2010) (dismissing plaintiff's complaint alleging signature of R.A. Mitchell on notices of federal tax lien were forged).

Plaintiff's response does not show that he has cured, or even attempted to cure, the deficiencies identified for him by the Court or has attempted to effect proper service. Moreover, although Plaintiff suggests that Defendant is evading service, he has provided the Court with no evidence of any efforts Plaintiff has made to locate Defendant. Accordingly, because the undersigned has already given Plaintiff four (4) opportunities and more than six (6) months to effect service, the undersigned recommends this action be dismissed.

**B.     Plaintiff's *Pro Se* Status**

As stated above, the Plaintiff was requested to clarify whether he was proceeding as a *pro se* individual or as an entity because, if he was proceeding as an "entity" as he claims to be, he must be represented by counsel. In his response, Plaintiff states he is an "individual, legally registered person and unlicensed business entity." ECF Doc. 14 at 1. He further claims there are "two states that exist": (1) "the natural world full of substance and living breathing creatures, including mankind," which was created by "God as reflected in Genesis"; and (2) "[t]he other,"

which "is a creation out of the mind of man," and which "come[s] in the form of corporations, etc." *Id.* at 2. Plaintiff, however, cannot "identify the state in which he is proceeding" in this action because he "is and can only be imaginary so what is the definition of 'individual' as cited?" *Id.* Plaintiff alleges this definition can have a different meaning depending on the context and "without knowing the definition it is impossible to know whether a thing is considered one, the other or even both." *Id.*

Plaintiff's refusal to identify his status in these proceedings, and instead provide the Court with what is clearly a fanciful and nonsensical response, is an additional ground for dismissal. *See Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("[f]ederal courts possess an inherent power to dismiss a complaint for failure to comply with a court order").

## III.   CONCLUSION

Under FRCP 4(m), if a defendant is not served within ninety (90) days after the complaint is filed, the court "must dismiss the action without prejudice," unless the time is extended by the Court for good cause. Fed. R. Civ. P. 4(m). The Court has already given Plaintiff multiple opportunities and extensions to properly serve the Defendant. Yet, more than two hundred (200) days have passed since Plaintiff filed his complaint and Plaintiff has still not properly served Defendant. Plaintiff has not shown good cause for any further extensions.

Case No. 3:19cv3175-RV-HTC

Accordingly, it is respectfully RECOMMENDED that:

1. Plaintiff's claims against the Defendant be DISMISSED WITHOUT PREJUDICE for failure to effect service and failure to comply with an order of the Court.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 20th day of March, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 3:19cv3175-RV-HTC